CLARISSA FORMAN, Respondent, *v.* EDWIN H. WHITNEY and others, Executors, Appellants.

Where the will of a testator contained the following provision, "I give and bequeath to my wife C. F., during her natural life, the interest of three thousand dollars, or so much of said interest as my executors may deem necessary for her comfort," it would seem that the discretion vested in the executors is not absolute, but must be exercised reasonably; and it was *held*, that the fact that the wife, under an agreement with her son, was entitled to her board and lodging at his house, so long as she chose to remain there, did not warrant the assumption of the executors, that only so much of the interest devised to her as would clothe her comfortably, was in fact *all* that was *necessary for her comfort*.

THIS action was brought to compel the payment of interest on the sum of $3,000, under certain provisions of the will of Ambrose Forman, deceased, of which defendants are executors. The testator died December 20, 1860, leaving an estate found by the court below to have been upwards of $20,000. The plaintiff is his widow. The only provision for her in the will is contained in the second clause, which is in these words: "I give and bequeath to my wife, Clarissa Forman, during her natural life, the interest of three thousand dollars, or so much of said interest as my executors may deem necessary for her comfort, and after her decease the said three thousand dollars above mentioned I give and devise as follows: to my grandchildren of my daughter Susan Coapman, wife of Wales Coapman, the sum of one thousand dollars; to my grandchildren of my daughter Elizabeth Ann Coapman, wife of John W. Coapman, the sum of one thousand dollars; to my grandchildren of my son Jonathan Forman the sum of one thousand dollars; to be paid to them respectively one year after the death of my said wife Clarissa. And I further will and ordain that the three thousand dollars above mentioned shall be retained in the hands and possession of my said executors, at their disposal during the natural life of my said wife, Clarissa Forman, and then to be divided as above related." By a residuary clause all the resi-

due of the personal estate is given to the executrices, Susan and Elizabeth Ann Coapman, daughters of the testator and of plaintiff. This suit was commenced in May, 1863, and all the money furnished by defendants to and for plaintiff prior to that time was $45. The judge before whom the action was tried found that " the plaintiff is aged, and unable to work and support herself, and that the interest of the $3,000 provided in said will is necessary to her support and comfort, and the whole of said interest ;" " that defendants have not made any inquiry into the wants and necessities of the plaintiff;" " that they have not answered her applications for money; that they have fixed no time of payment or amount which, in their discretion, she is entitled to, and that the payments have been fitful, uncertain and insufficient ;" " that plaintiff has frequently, since the death of said Ambrose Forman, applied to the defendants for money, and for the interest of $3,000, and that said defendants have not answered or complied with such applications of the plaintiff." From which findings he held, as conclusions of law, " that the conduct of the defendants in the management of the most of the interest of the $3,000 cannot be considered as having been dictated either by good faith or sound discretion," and " that the plaintiff is entitled yearly to the interest on the $3,000, to be paid at a fixed time yearly, commencing from the probate of the will of Ambrose Forman, deceased, and that she was entitled to recover against the defendants the balance of the interest from January 21, 1861, on the $3,000, deducting $45 paid to her by defendants.

To all these findings and conclusions of law the defendants duly excepted.

It appeared, also, on the trial, that plaintiff was then seventy-eight years of age, and that she lived with her son in Dutchess county, but had spent some portions of her time with other relatives; that between herself and her son there was an agreement by which, in consideration of her release of dower, he had agreed to furnish her, *at his residence,* during her natural life, with suitable board, lodging, and maintenance in all respects, *except clothing ;* and that he had

always been ready and willing to perform his agreement, and had performed it up to the time of said trial; but the court found no particular facts on this subject.

The defendants appealed to the General Term of the second district from the judgment entered by the Special Term. The judgment was affirmed, with a slight modification, giving defendants leave to make application in future to modify the annual amount to be paid, and affirmed without costs. The defendants appeal to this court.

*Geo. Rathburn*, for the appellants.

*A. Anthony*, for the respondent.

DAVIS, J. This appeal is wholly without merit. The only error of the court below was in not awarding costs to the respondent. The testator, leaving a property valued at more than $20,000, made no provision for his widow, except the annual interest of $3,000. This he directed to be paid to her by his executors, or so much thereof as they " should deem necessary to her comfort." She was old and unable to support herself. The judge before whom the action was tried found that she needed for her comfort the whole of the annual interest bequeathed to her. But her daughters, who were executrices of the will and residuary legatees, entitled to take whatever could be saved out of the interest provided for the old lady, had furnished to her, during a period of more than two years, the munificent sum of $45. The judge found, also, that the trustees had made no inquiries into her wants and necessities; that they had not answered her applications for money, and had fixed no amount, nor time of payment of any sum which in their discretion she was entitled to receive; and that the payments which made up the pittance above named had been " fitful, uncertain and insufficient." Such an apparent abuse of the trust confided to them by the will should demand a clear explanation and valid excuse without which it would seem to have been dictated by a heartless avarice looking only to the future interests of the residuary legatees. The excuse put forward

is found in the fact that under an agreement between the plaintiff and her son, she was entitled to her board and lodging in his house so long as she chose to remain there; and in the assumption that nothing further could be necessary to her comfort but suitable clothing, for which the old lady testified she had never suffered—though she naively added, "I might have looked better."

This excuse was altogether too narrow. The comfort for which the testator provided was not bounded by a mere *quantum sufficit* to eat, to drink and to wear. The most advanced old age demands, while reason remains, something more than these for its continued enjoyment of life. The word embraces whatever is requisite to give security from want, and furnish reasonable physical, mental and spiritual enjoyment. It implies, says Webster, "some degree of positive animation of the spirits or some pleasurable sensations derived from hope and agreeable prospects." Mrs. Forman was entitled to feel that sense of independence which would flow from the fact of having a sure income adequate to her few and limited wants; to feel at liberty to go and come in unrestricted freedom, and to visit her friends and relatives at her own pleasure, with no depression of spirits from the idea that she is or may be a burden to them. In short to possess those nameless currents of enjoyment which take their rise in the assurance of money in the pocket and more to come.

Instead of this she has had under her husband's will $45, and a lawsuit! the latter carried through all the courts to this ultimate tribunal, while in the mean time she has been rapidly verging on the venerable age of eighty years. One might almost doubt the filial affection of such trustees, if their good faith were not solemnly averred in the pleadings.

I am of opinion that the judgment should be affirmed, with costs of this appeal, and with ten per cent damages for the delay, to be computed on all moneys now due under the decree.

All concur.

Judgment affirmed.