ROBERT M. IRELAND, Respondent, *v.* ROBERT IRELAND, as Executor and Trustee, Impleaded, etc., Appellant.

The will of I. gave his residuary estate, after the death of his wife, to his son R. in trust, among other things, to apply one-half of the net income to the use and for the maintenance and support of said R., his wife and children during the life of R. R. had at the date of the will and of the death of his mother, which occurred in 1874, a wife and one child (the plaintiff) who was married in 1875, and at and prior to the commencement of this action, was living separate from his father, having a household of his own, and their relations were not amicable. In an action for an accounting, etc., *held*, that the beneficiaries named were not each absolutely entitled to one-third of the net income of the trust estate; that there was a discretion conferred upon the trustee as to its application, but not an uncontrolled discretion ; that, under the circumstances of the case a court of equity had power to direct how the discretion should be exercised; that there being no evidence of a refusal on the part of R. to support plaintiff in his family, or that plaintiff until just before the commencement of the action demanded any portion of the income or any support or maintenance therefrom or that he needed any of it for his support, it was to be deemed that he had acquiesced in the manner of its application ; and that therefore he was not entitled to any portion of the income accruing prior to the commencement of the action; but that he was entitled to one-third of the net income thereafter.

The wife of R., who was made a defendant, separated from him in 1876 on account of improper treatment; in 1877 she commenced an action for divorce from bed and board, and obtained judgment in 1878, with an allowance of $1,000 annually for alimony. This R. paid, and also paid his wife's board and expenses up to the time of the judgment. *Held*, that she was not entitled to be allowed any thing prior to the commencement of the action, but thereafter was entitled to one-third of the income, deducting however, therefrom, the amount of the alimony since accruing.

*Ireland* v. *Ireland* (18 Hun, 362), reversed.

(Argued February 4, 1881 ; decided March 1, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made May 13, 1880, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term. (Reported below, 18 Hun, 362.)

The nature of the action and the facts are set forth sufficiently in the opinion.

*C. Frost* for appellant. The application of the income rested in the discretion of the executor, and the court cannot interfere with the exercise of such discretion unless it appears that the executor is acting *mala fide*. ( *Withers* v. *Yeadon*, 1 Rich. Eq. [Ct. of App. S. C.]; *Collins* v. *Carlisle*, 7 B. Monr. [Ky.] 13; *Chamber* v. *Atkins*, 1 Simons & Stuart, 382; *Mason* v. *James et al.*, 3 Edw. Ch. 497; *Bunner* v. *Storm*, 1 Sandf. Ch. 358; *French* v. *Davidson et al.*, 3 Madd. Ch. 396; *Miller* v. *Miller et al.*, 5 id. 424.) The plaintiff by his omission to demand any part of the trust fund until just before the commencement of this action, his possession of ample means and his presumed knowledge of his father's mode of living, must be deemed to have acquiesced in the breach of trust, if any there was. (*Brice* v. *Stokes*, 11 Ves. 318; *Lankford* v. *Gascoque*, id. 325; *Thompson* v. *Finch*, 22 Beav. 324; *Sherman* v. *Parish*, 53 N. Y. 483; *Phips* v. *Pennefather*, 8 Irish Eq. 486–7; Lewin Law of Trusts [7th ed.], 789; Perry on Trusts, § 850.) The question of maintenance, under such a trust, is one depending upon the necessities of the beneficiaries. (*Kearsley* v. *Woodstock*, 3 Hare, 185; *Wallace* v. *Anderson*, 16 Beav. 533; *Carr* v. *Lining*, 28 id. 647; *Camden* v. *Benson*, 4 Law J. [N. S.] 256.) Plaintiff having reached his majority and left his father's house is not entitled to any share in this fund. (*Carr* v. *Lining*, 33 Beav. 474; 28 id. 647.)

*I. T. Williams* for respondent Anna S. Ireland. The "net income" should be divided equally among Robert, Anna S. and Robert M. Ireland, each receiving one-third. (*Foose* v. *Whitman*, Alb. Law J. of Dec. 11, 1880; *Chase* v. *Chase*, 2 Allen [Mass.], 101; *Smith* v. *Bowen*, 35 N.Y. 83; *Jubber* v. *Jubber*, 9 Sims. 503; *Woods* v. *Woods*, 1 Mylne & Craig, 401; *Franklin* v. *Schermerhorn*, 18 Hun, 112; *Hilton* v. *Bender*, 69 N. Y. 86; *Raikes* v. *Ward*, 1 Har. Ch., 445; *Ireland* v. *Ireland*, 18 Hun, 362.) When income arising from property is left to a

person for the maintenance of children, he will be entitled to retain it for that purpose only so long as he continues properly to maintain them. (*Chase* v. *Chase*, 2 Allen [Mass.], 101.)

*Edward C. Delavan* for respondent Robert M. Ireland. When an estate or an income is given to support and maintain parents and children they share equally in the fund. (*Smith* v. *Bower*, 35 N. Y. 83; *Jubber* v. *Jubber*, 9 Sims. 503; *Woods* v. *Woods*, Mylne & Craig, 401; *Franklin* v. *Schermerhorn*, 8 Hun, 112; *Hilton* v. *Bender*, 69 N. Y. 86.) Where a trust is created, and the trustee is one of the *cestuis que trust*, all the *cestuis que trust* share equally, and any one may enforce the trust as against the trustee. (*Raikes* v. *Ward*, 1 Hare's Ch., 445; *Chase* v. *Chase*, 2 Allen [Mass.], 101; *Ireland* v. *Ireland*, 18 Hun, 362.) When a trustee is one of the *cestuis que trust*, the court will construe the terms of the trust most strongly against him. (*Matter of Moak*, 2 Redf. Surrogate, 429; Perry on Trusts, § 59.) A trust of personalty is not within the statute of uses and trusts, and may be created for any purpose not forbidden by law. (*Bucklin* v. *Bucklin*, 1 Keyes, 141–148; Willard's Eq. Jur. 423.) Property acquired by the *cestuis que trust*, outside of the will, does not invalidate their right to share in the income under the will. (1 Redf. on Wills, 429–30.) By no reasonable construction of the terms of the will, taken as a whole, will it warrant the conclusion that the trustee was to exercise a discretion as to the manner or amount of applying the fund to the use, etc., of the wife and children. (1 R. S. 729.)

EARL, J. This action was brought to compel an accounting by the defendant Robert Ireland, as trustee under the will of William B. Ireland, deceased, and the other defendant was made a party to the action on account of her interest in the trust. The material facts bearing upon the controversy between the parties are as follows:

William B. Ireland, a resident of the city of New York, died in the year 1865, leaving a will, executed the

previous year, in which, after some specific bequests to his wife, he devised and bequeathed all the residue of his property to his wife for life, and appointed her sole executrix of his will. From and after her death, he devised and bequeathed all the property of which she was to have the use for life to his son Robert, the defendant, whom he appointed sole executor of his will after her death to have and to hold the same upon trust to receive the rents, profits and revenue arising therefrom, and to apply one-half of the net income thereof " to the use and for the maintenance and support of his son William John Ireland, his wife and children, during the natural life of his said son William John, and to apply the remaining half of said net income to the use and for the maintenance and support of his son Robert Ireland, his wife and children, during the life of his said son Robert."

The testator, at his death, left his wife and the two sons named, surviving. His wife took letters testamentary upon the will and lived until September, 1874, when she died, and then letters were issued to the defendant Robert. William John died before his mother, leaving several children, but no question arises in this case as to their interest under the will.

The defendant Robert has now, and had at the date of the will, one child, the plaintiff, who at that date was about fourteen years old. The plaintiff was married about the year 1875 and had one child. His wife and child were living at the commencement of this action, but his wife has since died. At and prior to the commencement of this action he was living separate from his father, having a household of his own, and he was apparently not on friendly terms with his father.

The defendant Anna S. is the wife of the defendant Robert, married to him in 1851, but she is not the mother of the plaintiff. She lived with her husband until July, 1876, when she separated from him on account of his improper treatment of her and has never since lived with him. In June, 1877, she commenced an action against him for separation from bed and board and obtained judgment of separation in May, 1878, with an allowance for alimony of $1,000 annually, payable in

quarterly payments, besides counsel fees. Since that time Robert has paid the alimony and he also paid his wife's board and other expenses intermediate the times of her separation from him and the judgment of separation. The property which came into the hands of Robert as trustee for himself, wife and children, was about the sum of $78,000, consisting of real and personal property and the net income thereof from the death of his mother to October, 1, 1879, was $21,838.04.

The plaintiff claims that he is entitled to recover one-third of the net income of the trust estate from the death of his grandmother in September, 1874, and so the Supreme Court has decided (18 Hun, 362); and the defendant Anna S. claims that she is also entitled to one-third of the net income from the same date, and so the Supreme Court has decided, except it holds that she is entitled to no portion of the income during the time, after that date, when she lived with and was maintained by her husband in his family; and she has appealed from the decision of the Supreme Court so far as it is thus adverse to her. The defendant Robert has appealed from the decision so far as it is adverse to him, and he claims that his wife and son are not entitled each to receive from him one-third of the net income, and that, if so entitled, he has a discretion to exercise in the application of such income which cannot, upon any facts alleged or appearing in this case, be interfered with.

I have made a very thorough search among decided cases and can find none sufficiently like this to serve as a guide in our present decision. The conclusion which should be reached is not free from doubt. But we must, as well as we can, ascertain the intention of the creator of this trust and then, by applying broad principles of equity to the facts of this case, endeavor to reach a conclusion which will come nearest to exact justice between these parties.

It cannot be denied that the testator meant to confer upon the trustee some discretion in the application of the net income. The language used, " to apply to the use and for the maintenance and support " of the beneficiaries, imports this. But it is

not an uncontrolled discretion. A court of equity, by virtue of its general jurisdiction over trusts and trustees, can, upon a proper state of facts, direct how their discretion shall be exercised; in other words, how the trust fund shall be administered. It can, upon sufficient grounds, remove a trustee and appoint another, and, in case a trustee is proceeding to dispose of the trust fund improperly or inequitably, it can intervene and control his conduct. But when a trustee, with the powers conferred upon this trustee, is acting, in administering his trust, within the limits of a fair and reasonable discretion, a court of equity cannot intervene except for very peculiar reasons calling for the exercise of its jurisdiction.

· The trust created for William John, his wife and children, is precisely the same as that created for Robert, his wife and children. It is not a just inference, from the language used, that the testator meant that each of the beneficiaries of the trust fund should take an equal part thereof, or have an equal share applied to his or her use. If that had been intended, different language would have been used. William John had a wife and seven children, thus making nine beneficiaries in the one-half of the net income. It would be quite absurd to suppose that the testator intended that the trustee should divide the one-half of the net income into nine parts and apply one of such parts to the use and for the maintenance and support of each of the nine beneficiaries. The intention undoubtedly was that such income should be applied for the support and maintenance of the nine persons as one household. The trustee could make the application by himself paying out the money for their support and maintenance, or he could discharge his trust by paying it over to the head of the family, not shown to be an improper person, to be by him expended for that purpose. No member of the family could claim any particular sum as his or her portion of the trust fund. But the application of the fund could be made in the ordinary way for the general support of the household. This I think would come nearest to the intention of the testator. If, for any reason, any one of the children left the family home and

needed support elsewhere it may be that he would be entitled to a share of the fund but not necessarily to one-ninth part thereof. If one were sick or infirm or for any other reason needed more for support and maintenance than another, the trustee could undoubtedly in the exercise of his discretion apply more of the fund to the use of such one than to the use of another.

When the will was made the testator had in mind the family of Robert, consisting of himself, his wife and son, and such other children as he might have, and he expected and intended that Robert as trustee should apply one-half of the net income to the use of himself, wife and children in the same way that he would apply his own funds for the same purpose. He was to use the net income for the support and benefit of his family. He was not obliged to divide the income into three parts and apply one-third thereof to the use of his son, and one-third thereof to the use of his wife, reserving just one-third for his own use. He could apply it as their necessities required. There was no particular sum or proportion of the whole income which either could require. So long as his wife and son were members of his household, or so long as he was willing they should be, a court of equity could not interfere with his discretion in the application of the income except upon proof of bad faith or misconduct or some exceptional facts calling for the exercise of its jurisdiction.

After the death of the testator's widow in September, 1874, it does not appear that the plaintiff lived for any considerable time with his father, or that he was supported by his father, except that his father gave him in money at one time $200. There is no evidence that his father refused to support him in his family, or that until just before the commencement of this action he demanded any portion of the income or any share therein, or any support or maintenance therefrom, or that he needed any of it for his support. The income was received by the trustee and expended for the support of himself and family. Under such circumstances we are of opinion that the plaintiff must be deemed to have assented to the manner in which the income

was applied. There was no certain portion of it which he was entitled to. How much should have been applied to his support and maintenance would have rested very much in the discretion of the trustee which he would have exercised in view of the sum needed for the proper support of himself and wife. It seems to us quite unjust now to allow the plaintiff to recover one-third of the net income for the whole time since the death of his grandmother. The better rule, we think, is to give him one-third of the net income from the commencement of the action. An interference thus far with the discretion of the trustee may be justified upon the following grounds: The plaintiff has left his father's house, has lived away from it for some years, having a family of his own, and seems to be competent to be intrusted with his share of the income. The relations between him and his father are not amicable. There is nothing in the circumstances of the trustee that makes it just or proper that he should have more than one-third of the income for his support; and the condition of his domestic affairs cannot be overlooked. Here then are the exceptional circumstances which call for the interference of a court of equity to control the discretion of the trustee in the application of the trust fund.

As to the defendant Anna S. and her claims, many of the observations already made apply. While she lived with the trustee and was maintained by him, making no complaint, so far as appears, of the amount of money expended for her support and maintenance, she certainly cannot complain that the trust as to her was not performed. There was no certain sum or proportion of the income to which she was entitled. After she separated from her husband he supported her by money either voluntarily or involuntarily paid, and for any period prior to the commencement of this action, we do not see any foundation for any claim by her for any more of the trust fund or income than was applied for her support and maintenance.

But from the time of the commencement of the action she should be entitled to have one-third of the income paid to her. So far the discretion of the trustee, on account of the relations existing between her and him, can properly be controlled.

But from the sum so to be paid should be deducted the amount of alimony, $1,000 per year, which the trustee has been ordered by the judgment in the action for a separation to pay to her. It was clearly shown that in fixing the amount of the alimony the court assumed that the whole of the income of the trust property belonged to the husband, and based the amount of alimony upon that assumption. It would be very unjust now, also, to compel him to pay her one-third of the income in addition. If he supported his wife as a member of his family, he would discharge his trust, and so far as he supports her elsewhere, or contributes to her support elsewhere, his trust should be considered discharged. If he pays for her support the full one-third of the income, she should have no claim for more in this action. If he pays less, her claim should be only for the balance. If the amount of alimony, considering the amount of the trust income and of her husband's property, is not sufficient, she can apply to the Supreme Court, on the basis of the separation judgment, for an increase of the same. We can, at this time, perceive no other disposition of the wife's case, as it is now presented to us, which would not work injustice to the husband.

The result, therefore, is that the judgments of the Special and General Terms should be reversed, and the case remitted to the Special Term to the end that there the amount of the net income of the one-half of the trust property, since the commencement of this action, may be ascertained, with a proper allowance of commissions and expenses to the defendant Robert, and that the plaintiff may have judgment for one-third of such net income after such allowance, so far as the same has accrued, and that the defendant Anna S. may have a similar judgment for the balance, if any, after deducting the amount of $1,000 per year allowed to her for alimony, neither party to recover costs of appeal to this court.

All concur.

Judgment accordingly.