EMERETT JOHNSON, Respondent, *v.* SARAH N. CORN-
WALL AND JAMES H. CORNWALL, Executors, etc.,
OF SAMUEL M. CORNWALL, Appellants.

*Will — construction of a clause giving an annuity — when no demand is necessary*
*before bringing an action.*

The defendants' testator devised one-half of his estate to his wife and the other
half to his son, "subject to the exceptions hereinafter named," and then gave
and bequeathed "unto Emerett Johnson (colored girl) her support during her
natural life to be paid out of the whole property according to the exceptions
above named."

*Held,* that the whole estate was charged with an annuity for the said Emerett
Johnson, the amount of which was to be determined by the court, and that the
wife and son, having accepted the estate devised to them, were personally liable
to pay it.

That no demand was necessary to enable the girl to maintain an action to enforce
such liability.

APPEAL from a judgment in favor of the plaintiff, entered upon
the trial of this action by the court without a jury.

The defendants' testator by his will gave and bequeathed unto his
wife one-half and to his son the other half of all his property, both
real and personal, "subject to the exceptions hereinafter named,"
and then gave and bequeathed "unto Emerett Johnson (colored girl)
her support during her natural life to be paid out of the whole prop-
erty according to the exceptions above named."

At the time of the making of the will of the testator and at the
time of his death the plaintiff was, and had been for many years,
a hired servant in his family. From the time of the death of the
testator in 1865, until the fall of 1879, the plaintiff continued to
live with the defendant Sarah Cornwall (the widow of Samuel) as a
hired servant, receiving her wages regularly as such. She made no
demand of any support until just before she left the house of Mrs.
Cornwall in the fall of 1879, though she knew of the provisions of
the will in her behalf shortly after the death of Mr. Cornwall.
When the plaintiff stated to Mrs. Cornwall that she was sick and
unable to work Mrs. Cornwall offered her a home and support in
her house, which plaintiff refused.

In this action, brought to compel the defendants to provide for her support, the court fixed the annuity at $360 a year.

*C. Frost*, for the appellants.

*Wolcott & Kent*, for the respondent.

GILBERT, J. :

I think the language used in the bequest to the plaintiff indicates that the testator intended that she should be furnished with sufficient pecuniary means for her support according to her condition in life. The legacy is of " her support." It is to be " paid out of the whole property," not supplied by means of any diminution of the property devised or bequeathed to the defendants. Nor was there a gift to the defendants upon trust to apply a part thereof to the support of the plaintiff. On the contrary, the legacy is to the plaintiff directly, and it is expressly excepted from the gifts to the defendants. They took only what remained after satisfaction of the legacy. The legal effect was to charge the whole estate, left by the testator, with an annuity for the plaintiff's support indefinite as to the nominal amount thereof, but limited only by her reasonable needs. She is to be paid, not fed or clothed, by the defendants. It is the duty of the court to determine the amount intended to be bequeathed. (*Thorp* v. *Owen*, 2 Hare, 610; *Broad* v. *Beavan*, 2 Russ., 511, *n.*; *Forman* v. *Whitney*, 2 Keyes, 165.) We think the sum fixed by the court under all the circumstances is not unreasonable.

The defendants having accepted and held the estates devised to them respectively, charged with the payment of the annuity, they became personably liable to pay the same. No demand was necessary to give to the plaintiff a right of action to enforce such liability. The case in 13 New Hampshire, 1 (*Holmes* v. *Fisher*), was put upon the ground of waiver. But the facts of this case preclude the idea of waiver. (*People's Bank* v. *Mitchell*, 73 N. Y., 406.)

The judgment should be affirmed, with costs.

DYKMAN and CULLEN, JJ., concurred.

Judgment affirmed, with costs.