CATHERINE HANCOX, Respondent, *v*. ELIZA A. WALL
AND OTHERS AND SAMUEL M. MEEKER, EXECUTOR AND
TRUSTEE, ETC., APPELLANTS.

*Will — when the executors must sell the real estate — how far the court will control
the discretion vested in them by the testator — right of the owner of the life interest
to compel the trustee to account.*

A testator gave all his property, both real and personal, with the exception of a few
articles of personal property, to his executors in trust, to pay to his wife a net
income of $12,000 a year during her life and to allow her to occupy his homestead
and after paying all his just debts, and all taxes, assessments and other charges
on his real estate, and keeping the buildings thereon insured and in proper
repair, to divide the residue of his estate into eight equal parts or shares, and
invest the same separately in bonds and mortgages, or in United States or State
securities, and apply the income of each of said shares to the use of one of the
testator's eight children during his natural life, and upon his decease to pay and
divide the principal thereof among his children. The will further provided, "I
do hereby authorize and empower my said executors to let or lease my real estate,
to receive the rents and profits thereof, and after the decease of my wife, to
sell and convey the same, for such prices, and upon such terms as they may
deem best for the interest of my estate."

*Held*, that it was the intention of the testator to convert all his real estate into
money upon the death of his wife, and that the trustees had no discretion or
judgment to exercise as to whether or not the conversion should then take
place; that their discretion extended only to determining the prices at which
and the terms upon which, the sales should be made.

Although where a trustee, authorized to exercise his discretion in determining
the prices and terms upon which real estate shall be sold, is acting in entire
good faith and without intent to injure the owner of the life interest for the
benefit of the remainderman, the court will not interfere with the exercise of
his judgment; yet, if the action of the trustee is unreasonable and injudicious,
and a failure to make the conversion is producing injury to the owner of the
life interest, the court can and will compel him to make the conversion under
its supervision and direction.

Even where a trustee is acting in good faith and is exercising the discretion
vested in him by the testator wisely and properly, the owner of the life interest
has a right to call upon him, from time to time, to disclose to him the nature
and character of the property in his hands constituting the trust fund, to show
its value, the income derived therefrom and the expenses to which the trustee
is subjected in its management, in order that he may be able in the future to
watch and look after his own interests.

·Appeal from an interlocutory judgment, entered upon an order overruling demurrers to the plaintiff's complaint. The only ground of demurrer assigned is, that the complaint does not state sufficient facts to constitute a cause of action. The plaintiff is one of the children of William Wall, deceased, and a legatee named in his last will and testament, and her alleged right of action is based upon the provisions in the will for her benefit. Mr. Wall died in the year 1872, and his will was admitted to probate in the month of May, the same year. The defendant Samuel M. Meeker was named as one of the executors and trustees under the will, and he is now sole surviving executor and trustee, his associates in the trusteeship having died before the commencement of this action. The estate of the testator consisted of both real and personal property, and he left him surviving his wife and eight children, who were his only heirs-at-law and next of kin. All his estate, excepting a few articles of personal property, given to his wife absolutely, was given to his executors in trust, among other things, to pay to his wife a net annual income of $12,000 a year; he also gave to his wife the use of his homestead, situated on Fifth avenue, in the city of New York. A special provision was made for his daughter Celia, who is one of the defendants, the nature and extent of which it is not necessary to mention.

The executors and trustees were directed to pay all his just debts and all taxes, assessments and other charges on his real estate, and keep the buildings and improvements thereon insured and in proper repair. The sixth clause of the will, which creates the trust in favor of the plaintiff and his other children, is in the following words: "After providing for above-mentioned debts, legacies, taxes and charges, to divide the residue of my estate into eight equal parts or shares, and invest the same separately on bond and mortgage, or in United States governments or State securities, and apply the income of one of said equal eighth parts or shares to the use of my son Charles during his natural life, and at his decease, to pay and divide the principal of such equal eighth part or share to and among the lawful issue of my said son Charles equally." He also made a separate and similar provision for each of the other of the seven children, and concludes the bequests by giving to the trustees a power which is in the following words: "And I do hereby

authorize and empower my said executors to let or lease my real estate, to receive the rents and profits thereof, and after the decease of my wife to sell and convey the same for such prices and upon such terms as they may deem best for the interests of my estate."

Mrs. Wall, the widow, died in the year 1878, which was about one year prior to the commencement of this action. The complaint gives a general description of the real estate which passed into the hands of the trustees under the will, showing that the same is located in the central parts of the cities of New York and Brooklyn, and that a portion of the same is unimproved and unproductive and subject to taxation; that the plaintiff has requested the trustee, Mr. Meeker, to sell the real estate and convert it into money and to separate the portion of which she is to have an annual income, and that he has wrongfully neglected and refused so to do, and continues to hold the trust estate in bulk to the great injury of the plaintiff, although a reasonable time has elapsed within which a sale might be effected; that the real estate, particularly the unimproved part, is subject to heavy taxation, amounting to between the sum of $10,000 and $15,000 per annum, the payment of which consumes, as the trustee claims, a large amount of the annual income of the entire estate; that the sum of money which she receives from the hands of the trustee as the annual income given to her as provided by the will is varying and fluctuating, some years not amounting to more than $300, and that if the real estate was sold and converted into cash and invested as required by the will, her annual income would be largely increased and her interests would be more certain and secure, and that it would be greatly to her advantage to have the conversion in fact now take place. One of the prayers for relief is that the share of said estate set apart for the use of the plaintiff be sold and converted into money and the proceeds thereof invested for her use, and the interest and income of such proceeds be paid to her; and there is also a general prayer for such relief as the plaintiff may be entitled to by the rules of law applicable to the case stated.

*Jackson & Burr*, for the appellant Meeker, the trustee.

*H. K. Dougherty*, for the appellants E. A. Wall and others.

*H. F. Averill* and *George F. Betts*, for the respondent.

Barker, J.:

All the parties before the court on the hearing of these demurrers agree that it was the intention and purpose of the testator to convert all his real estate into money. The direction in the will on this subject is peremptory, and it is made the imperative duty of the trustees to sell the real estate and convert it into personal assets, and no discretion whatever is vested in them on this question.

It is not left to their personal judgment and election whether the conversion shall take place or not. As to the mode and manner of administering the trust estate, the prices for which the real estate should be sold and the time of payment, they have a discretion, and that is all the discretionary power which the testator intended to give them under the will.

The clause of the will is so clear and certain that there is no room for misapprehension. The language is as follows: "I do hereby authorize and empower my said executors to let or lease my real estate, to receive the rents and profits thereof, and after the decease of my wife to sell and convey the same, for such prices, and upon such terms, as they may deem best for the interests of my estate."

Mrs. Wall being dead the time has arrived, fixed by the testator, when all his real estate should be converted into money.

In executing this power it is the duty of the trustee to exercise his best judgment in fixing upon the prices at which the several pieces of property should be sold, and so long as he acts in entire good faith, and without intent to injure the persons having the life estate in the trust property, and is not seeking to benefit the remaindermen, the court will not interfere in the exercise of his best judgment. But if the action of the trustee is unreasonable and injudicious, and a failure to make the conversion is producing injury to the life annuitant, then this court has the power, and it is its duty, to control the action of the trustee and compel him to proceed and make the conversion, and the same will be done under the supervision and direction of the court.

A court of equity, by virtue of its general jurisdiction over trusts and trustees, can, upon a proper state of facts, direct how a discretion of this character shall be exercised by the trustee.

The exercise of this power of the court is in no sense an interference with the discretion which the testator intended to give the

trustee. It is simply compelling the trustee to act and to adminis ter the trust fund. (Hill on Trustees [4th Am. ed.], 762, 773; *Ireland* v. *Ireland*, 84 N. Y., 321; *Furniss* v. *Furniss*, 51 How., 64.)

There being two classes of persons interested in the question as to when the conversion should take place, it requires considerate action on the part of the trustees. They who take an absolute title in the trust fund after the termination of the life estate, may be largely benefited by a delay in the conversion, which may be to the great disadvantage and disappointment of the life annuitant.

It is, however, the plain and manifest purpose of the testator that his children should at once, upon his death, enjoy an income to be derived in part from the sale of the real estate; and if it be true, as the plaintiff claims, and as is averred in her complaint, that there has been a reasonable time in which to make the sale and investment, and that the delay is unnecessary and wrongful, and to her disadvantage, then the trustee should be controlled in his action, and required, under the direction of the court, to make the conversion, and the sale will be watched by the court with a view of protecting the interests of all the parties.

If the averments in the complaint as to the delay in making the conversion were insufficient to show that the trustee was not exercising a reasonable judgment and fairly protecting the interests of the plaintiff, we would still be of the opinion that the plaintiff states facts sufficient to entitle her to relief of a different nature and character.

The plaintiff being interested in the property which is to be converted into money and invested for her benefit, she has a right, although the trustee is acting in good faith and is exercising the discretion vested in him, wisely and properly, to call upon him, from time to time, to disclose to her the nature and character of the property in his hands constituting the trust fund—to show its value, the income derived therefrom, and the expenses to which the trustee is subjected in its management, that she may be able in the future to watch and look after her own interest.

In this case, the trustee has had the possession and management of this large trust estate for a period of years. The plaintiff's income to be derived therefrom is yet undetermined, and the defendant claims that most of the income received is expended in paying taxes and caring for the real estate. It seems to us to be eminently

proper that the trustee should make a full and complete exhibit of the situation of the trust estate, disclosing to the plaintiff the character of the property, and the mode and manner in which it is managed, even if she fails to prove such facts as would justify the court in interfering and controlling the action of the trustee in making a conversion of the real property into cash items. (*Costabadie* v. *Costabadie*, 6 Hare, 410; Hill on Trustees [4th Am. ed.], 765.)

In disposing of this appeal, we do not deem it necessary to determine the question discussed upon the argument whether, under the will, the trustee may hold the trust funds after a conversion has taken place, in bulk, for the benefit of the beneficiaries, or whether it is an imperative duty to make separate and distinct investments for each of the life annuitants. That question can be more properly determined upon the final hearing.

The interlocutory judgment is affirmed, with leave to the defendants to answer on payment of costs at Special Term and on this appeal.

BRADY, P. J., concurred; DANIELS, J., concurred in the result.

Judgment affirmed, with leave to answer over on payment of costs.