### CUTHBERT *v.* CHAUVET *et al.*

*(Supreme Court, General Term, Second Department.* September 16, 1892.)

WILLS—AGREEMENT TO COMPROMISE.

 The beneficiaries under a will may ignore its provisions and settle their rights by agreement, and the trustee of the property will be compelled to execute such settlement.

Appeal from special term, Westchester County.

Action by Ophelia J. Cuthbert against Cornelia D. Chauvet and others to obtain a determination of the rights of the parties to real property under the will of Francis W. Lasak, deceased. The beneficiaries agreed to ignore the provisions of the will, and to distribute the property as if testator had died intestate. The court made an order authorizing a consummation of such compromise, from which the New York Life Insurance & Trust Company, trustee of the property, appeals. Affirmed.

For report of other litigation growing out of the same estate, see 7 N. Y. Supp. 2, 8 N. Y. Supp. 740, 775, 10 N. Y. Supp. 80, 844, 14 N. Y. Supp. 62, 385, and 20 N. Y. Supp. 74.

Argued before BARNARD and PRATT, JJ.

*Emmet & Robinson,* for appellant. *Hoadly, Lauterbach & Johnson, (Edgar M. Johnson,* of counsel,) for respondents.

PRATT, J. This is an appeal from an order made at special term authorizing a settlement of various litigations between the parties, and ordering the defendant the New York Life Insurance & Trust Company, a trustee under a certain will, to execute a compromise made by the beneficiaries under said will. The litigations were numerous, and several trials in different courts have been had. The contention that a trustee can prevent the settlement of litigation agreed upon by the beneficiaries in order to be allowed to earn commissions seems monstrous. If a will is declared void, it is the equivalent of no will, and no trust or trustee. The settlement was evidently greatly to the benefit of the beneficiaries, and it is sought to be prevented in order that the trustee may have fees it has not yet earned. The power of the court to grant this order appealed from cannot be questioned. It is among the chancery powers devolved upon this court. *Bryan* v. *Knickerbacker,* 1 Barb. Ch. 409, 428. *Ireland* v. *Ireland,* 84 N. Y. 321. See, also, note in *Re Youngs,* 5 Abb. N. C. 346. The propriety of the order cannot be criticised. Here were parties of full age, seeking to obtain what is concededly their own, speedily, and at a saving of great expense. See case of *Wood* v. *Wood,* 5 Paige, 596, 606, approved in *Leitch* v. *Wells,* 48 N. Y. 599. We think that the demand of the trustee for commissions upon property that has never come into its possession, and probably never will, is unreasonable. It is clear, as stated in the order, that the trustee has had awarded to it all it deserves for services to the estate, either as administrator or trustee, and no claim can justly be made that will prevent carrying out the settlement made by the parties. Order affirmed, with costs and disbursements.