In the Matter of the Estate of MARY ANN McGRATH, Deceased.*

Surrogate's Court, New York County, August 15, 1928.

* See Schley v. Donlin (131 Misc. 208).— [REP.

FOLEY, S. In this accounting proceeding a question is presented as to the effect on a contract to make a will and the will executed pursuant thereto of a subsequent will the terms of which are in violation of the contract. (1) A preliminary question arises as to the jurisdiction of this court to determine the question raised in an accounting proceeding. I hold that this court has jurisdiction in this proceeding to determine the question presented. (*Matter of Malcomson*, 188 App. Div. 600; *Matter of Aldrich*, 194 id. 815; *Matter of Hawes*, 119 Misc. 359; affd., 212 App. Div. 861; *Matter of Sewell*, 127 Misc. 202; *Schley* v. *Donlin*, 131 id. 208; *Matter of Cook*, 244 N. Y. 63.) (2) I hold further that the contract of October 20, 1913, exempted the sum of $1,600 from the assets which testatrix agreed to bequeath to Grant B. Schley, objectant's testator, who was the other party to the contract. The circumstances disclosed by all the papers filed in this proceeding clearly indicate that testatrix obligated herself, for a substantial consideration, to give by her will to Grant B. Schley whatever assets she might die possessed of, over and above the sum of $1,600. The effect of the second will, dated May 6, 1922, which has been admitted to probate in this court, was to revoke only paragraphs 2, 3 and 4 of the first will which give legacies totaling $1,600 to religious corporations. The objections, therefore, are overruled in so far as it is contended therein that the estate of Grant B. Schley is entitled to the whole of his estate after the payment of debts and administration expenses. The second will of testatrix constitutes a valid disposition of the $1,600 exempted from the interest of Grant B. Schley by both the contract and the will dated October 20, 1913; $300 thereof is payable to the legatee named in paragraph 2 of the latter will, $200 to the legatee named in paragraph 3, $100 to the legatee named in paragraph 4 and the balance of $1,000 to St. Joseph's Home for the Aged, New York city. The residue of the estate over and above the $1,600 thus exempted and disposed of is payable to the estate of Grant B. Schley under the terms of the above-mentioned contract. Submit decree on notice settling the account accordingly.