JAMES L. BRUFF and WILLIAM J. MALONEY, as Administrators of the Estate of CHARLES A. BRUFF, Deceased, Plaintiffs, *v.* ROCHESTER TRUST AND SAFE DEPOSIT COMPANY, Defendant.

Supreme Court, Monroe County, April, 1922.

Trusts — income for benefit of husband and wife during their lives — total income received by wife and deposited in her separate account — death of wife — administrators of husband's estate may maintain action at law against bank in which wife deposited the income and have the rights of their intestate in such deposit adjudicated — Civil Practice Act, § 111.

The owner of certain securities transferred them to a trust company in trust to use and expend the net income thereof for the support and maintenance of her friends, a husband and wife during their joint lives and thereafter for the support and maintenance of the survivor of them. Payment of the entire net income was to be made to the wife while she lived except that if she or her husband should cease to live together as husband and wife then the entire net income was to be equally divided between them and paid over to them or expended for their benefit in equal parts. The trust agreement also provided for the disposal of the corpus of the trust estate upon the death of both beneficiaries of the income. The husband and wife lived together until the latter's death, all the income was paid to the wife while she lived and she deposited the same with the said trust company to the credit of a separate account standing in her own name in which no other moneys were deposited, and at her death said account with accrued interest amounted to a certain sum which has since increased by the accretion of interest. In an action by the administrators of the husband's

estate to recover the fund from the defendant in its individual capacity, the defendant by a merger with the trust company succeeded it as trustee, as depositary of the fund and as executor of the wife's will, claims the fund as such executor and the plaintiffs insist that the fund, or at least a part of it, belonged to their intestate. Upon denying a motion to dismiss the complaint on the ground that it fails to state a cause of action and that plaintiffs' remedy, if any, is in equity, *held*, that defendant as depositary of the fund in controversy, in which capacity the court is presently concerned, occupies precisely the same situation as any other corporation or individual into whose possession the moneys in question might have come, and the court having all the parties before it can under section 111 of the Civil Practice Act apply the appropriate remedy.

The interest of the plaintiffs' intestate in the fund, the extent of which is not now determined, did not perish when the moneys were deposited with the defendant in his wife's name.

MOTION on behalf of the defendant to dismiss the complaint on the ground that it fails to state a cause of action and that the plaintiffs' remedy, if any, is in equity.

*Arthur E. Sutherland,* for plaintiffs.

*Horace G. Pierce (George H. Harris,* of counsel), for defendant.

STEPHENS, J. Charles A. Bruff, the plaintiffs' intestate, died January 7, 1920. The plaintiffs were appointed and they duly qualified as administrators of his estate. He was the husband of Ardelia Bruff who died February 19, 1918, leaving a last will and testament in which the Fidelity Trust Company of Rochester was named as executor. Said trust company qualified as such executor upon the probate of the will.

It appears from the complaint that on January 20, 1910, one Sarah L. Willis and the said Fidelity Trust Company entered into an agreement in which, among other things, it was recited that said Willis " is desirous of creating a trust to provide an income for the support and maintenance of her friends Charles A. Bruff and Ardelia Bruff his wife, during their lives   *   *   * " and in pursuance of such purpose certain securities were transferred to the trust company in trust " to use and expend the net income of said bonds   *   *   * for the support and maintenance of said Charles A. Bruff and Ardelia Bruff during their joint lives, and thereafter for the support and maintenance of the survivor of them during the life of each such survivor. While said Ardelia Bruff is living such entire net income shall be paid over to her, except that, if she and said Charles A. Bruff shall cease to live together as husband and wife, then such entire net income shall be divided between and paid over to them or expended for their benefit in equal parts." Appropriate provisions were made for the disposal of the corpus of the trust property upon the death of the two beneficiaries of the income.

Mr. and Mrs. Bruff lived together until the latter's death and the income from the trust was paid to Mrs. Bruff during her lifetime. None of it was used or expended for either her benefit or that of her husband but was deposited by her in the said Fidelity Trust Company in an account standing in her individual name in which no other moneys were deposited, and at the time of her death, February 19, 1918, moneys so deposited with the interest that had accrued thereon, amounted to $6,199.56. This sum has increased since that time by the accretion of interest.

It is this fund that supplied the basis for this litigation.

The Fidelity Trust Company was merged with the defendant the Rochester Trust and Safe Deposit Company, which succeeded it as trustee, the depositary of the above-mentioned funds and as the executor of the will of Mrs. Bruff. As such executor it claims the money. The plaintiffs on the other hand with equal confidence insist that the fund, or at least a part of it, belonged to their intestate and are seeking to recover it from the defendant in its individual capacity.

The purposes of the trust are clearly stated in the agreement and the ground for the divergent claims of the parties is due to the provision that the income from the trust property shall be paid to Mrs. Bruff during her life provided she and her husband are living together. To conclude that this circumstance gave to her exclusive title to the moneys does violence, it seems to me, to the avowed purpose of the trust. It is not to be supposed that the creator of the trust contemplated that each payment of the income should be exhausted before the next one became payable in order to entitle Mr. Bruff to a participation in its total benefits and any accumulation of surplus in excess of that required or expended for immediate needs became, at once, outside the purpose of the trust and one of the beneficiaries of it shut out from all interest in it. Such surplus surely was applicable to promote the comfort of both during any period when their other resources were diminished or their necessities increased. The fact that Mrs. Bruff deposited the moneys with the defendant's predecessor creates no different situation than if she had kept the money as it was paid to her in her reticule. In whatever depositary it was a fund for the support and maintenance of the two beneficiaries. This notion I am strongly inclined to believe Mrs. Bruff, herself, should be credited with having, which is evidenced by the segregation of the funds from all other moneys. In the absence of proof to the contrary this is the construction that is preferably placed upon that circumstance rather than that it was an assertion on the part of Mrs. Bruff of sole ownership in which her husband concurred.

Any suggestion that the moneys were relieved from appropriation to the trust purposes for the reason that Mr. Bruff was able by his own exertions and from his own resources to maintain himself and wife in comfort is without merit.  It was not necessary for him to remain idle in order to entitle him to the benefit of the provisions made for him and his wife nor the fact that he had other means by which they could be supported deprive him of his interest in the trust.  *Holden* v. *Strong,* 116 N. Y. 471.

Otherwise in order that Mr. Bruff might be advantaged by the benefaction of his friend, the creator of the trust, he would need to sit in upholstered idleness or separate from his wife and live in celibate loneliness.

The conclusion is unescapable that Mr. Bruff's beneficial interest in the income was no less real while he was the provider for the home and the integrity of the domestic relation was maintained than if he failed to keep the obligations of the marriage compact. To hold otherwise would require an interpretation of the trust agreement that would tend to encourage him to indolence or to sever the marital ties, an  interpretation that both the presumed intent of the creator of the trust and the dictates of thrift and of morality forbid.

That the trust agreement provided that the moneys be paid to Mrs. Bruff during her lifetime is not conclusive upon the question of their ownership in view of the reasons stated for the saner interpretation.  If it were not merely a provision for the convenient administration of the fund and did indeed vest title to the moneys solely in Mrs. Bruff that title to one-half, at least, was dependent upon the volition of Mr. Bruff in keeping the home intact.

I have examined the numerous authorities cited by the counsel for the respective parties.  No good purpose would be served by discussing these cases in detail and the burden of doing so forbids the attempt.  Each case rests upon its own facts.  This statement so frequently made finds no better illustration than in the present instance and the large number of authorities to which my attention has been called and which I have examined proves the wide variety of circumstances in which kindred questions may be raised, and how little one case depends upon the doctrine stated and applied in another for the solution of the problem it presents.  Moreover, in view of the anticipated final word of decision, it is not provident to enter into a discussion beyond that which is necessary for disposing of the precise question presented by this motion, lest the further proceedings may be embarrassed rather than promoted by it.

The position of the defendant that the action is one where

equitable relief only is appropriate is not tenable; it is founded on the assumption that the defendant is a trustee. While the defendant has a triple character, that of trustee, executor of the will of Mrs. Bruff and depositary of the fund in controversy, it is only the latter capacity that concerns us now. It occupies precisely the same situation as any other corporation or individual into whose possession the moneys might have come. It must respond to the plaintiff's demand as one who possesses property which the plaintiffs claim. If it assert the right to the money as executor of Mrs. Bruff's will it would seem that it might on application be substituted as defendant in its representative capacity, but this is not involved in the inquiry into the sufficiency of the complaint.

At any rate the parties are before the court, the facts upon which the cause of action is predicated are alleged and the appropriate remedy can be applied. Civil Practice Act, § 111.

Since Mr. Bruff had an interest in the fund, the extent of which is not now determined, that interest did not perish when the moneys were deposited with the defendant in Mrs. Bruff's name. *Matter of Klenk,* 165 App. Div. 917; affd., 214 N. Y. 715.

The above consideration leads to the denial of the motion.

The motion is denied, with costs to the plaintiffs to abide the event.

Judgment accordingly.