JAMES L. BRUFF and Another, as Administrators of the Estate of
CHARLES A. BRUFF, Deceased, Plaintiffs, *v.* ROCHESTER TRUST
AND SAFE DEPOSIT COMPANY, Defendant.

Supreme Court, Monroe County, August 24, 1925.

Trusts — construction — trust agreement after providing for transfer of
securities to defendant in trust " to use and expend the net income of
said bonds  *  *  *  for the support and maintenance " of plaintiffs'
intestate and his wife " during their joint lives " created joint owner-
ship of income of trust fund in said parties — fact that fund was deemed
part of wife's estate in final accounting of her executor and that plain-
tiffs' intestate received income from fund did not operate as estoppel
against him — acts of trustee in refusing to pay over funds not ratified
by plaintiffs' intestate — defendant liable in individual capacity.

A trust agreement which, after providing for the transfer of securities to the
defendant in trust " to use and expend the net income of said bonds  *  *  *
for the support and maintenance " of plaintiffs' intestate and his wife " during
their joint lives, and thereafter for the support and maintenance of the survivor
of them during the life of each such survivor," recited that payment of the
entire net income was to be made to the wife of plaintiffs' intestate while she
lived, except that if she and her husband should cease to live together as
husband and wife the entire net income was to be equally divided between them
and paid over to them, created a joint ownership of the income from said
securities in said parties, and the plaintiffs' intestate is entitled to all the income
paid to his wife while she lived, together with the accrued interest.

The fact that plaintiffs' intestate participated in the proceedings in the Surro-
gate's Court in connection with the final judicial settlement of the account of
his wife's executor, in which the fund now claimed by plaintiffs as administrators
was deemed a part of the wife's estate, and his receipt of the income from said
fund, does not operate as an estoppel against said intestate submitting a
variant claim.

Nor may acquiescence in the conduct of the defendant in treating the securities
as part of the individual estate of the wife of plaintiff's intestate be deemed a
ratification on the part of said intestate of the acts of said trustee, where the
trust company failed to discharge its legal duty toward him in informing him
of his rights. Plaintiffs' action to recover the sum on deposit with defendant
is maintainable against the defendant in its individual capacity.

ACTION to recover a sum of money on deposit with the defendant.

*William J. Maloney* [*Arthur E. Sutherland* of counsel], for the
plaintiffs.

*Horace G. Pierce* [*George H. Harris* of counsel], for the defendant.

STEPHENS, J.:

Upon a motion made on behalf of the defendant at an earlier
stage in this litigation, to dismiss the complaint upon the ground,
among others, that it fails to state a cause of action, the appli-
cation was denied and it was held that it appeared from the com-

plaint that the plaintiff had some interest in the fund in question, without deciding the extent of that interest.   (118 Misc. 394.)

The facts, as stated in the former opinion, are substantially that Charles A. Bruff, the plaintiffs' intestate, died January 7, 1920; the plaintiffs are the duly qualified administrators of his estate; on January 20, 1910, one Sarah L. Willis and the Fidelity Trust Company of Rochester entered into an agreement in which, among other things, it was recited that said Willis " is desirous of creating a trust to provide an income for the support and maintenance of her friends Charles A. Bruff and Ardelia Bruff his wife, during their lives * * *," and in pursuance of such purpose certain securities were transferred to the trust company in trust " to use and expend the net income of said bonds   *   *   *   for the support and maintenance of said Charles A. Bruff and Ardelia Bruff during their joint lives, and thereafter for the support and maintenance of the survivor of them during the life of each such survivor.   While said Ardelia Bruff is living such entire net income shall be paid over to her, except that, if she and said Charles A. Bruff shall cease to live together as husband and wife, then such entire net income shall be divided between and paid over to them or expended for their benefit in equal parts."   Mr. and Mrs. Bruff lived together until the latter's death and the income from the trust was paid to Mrs. Bruff during her lifetime; none of it was used or expended for either her benefit or that of her husband but was deposited by her in the said Fidelity Trust Company in an account standing in her individual name in which no other moneys were deposited, and at the time of her death, February 19, 1918, moneys so deposited with the accrued interest amounted to $6,199.56; this sum has increased since that time by the accretion of interest; it is this fund that supplied the basis for this litigation.

Mrs. Bruff left a will in which the Fidelity Trust Company was named executor, its account was finally judicially settled February 10, 1919, and the money in controversy was included as a part of her estate; her husband was given, by the terms of the will, the income from these moneys and others, which he received; after the final judicial settlement of the account, upon the application of the plaintiffs here, the surrogate of Monroe county opened said decree for the purpose of having the question of the true ownership of said fund definitely and directly litigated.

The Fidelity Trust Company was merged with the defendant, the Rochester Trust and Safe Deposit Company, which succeeded it as trustee, the depositary of the above-mentioned funds and as the executor of the will of Mrs. Bruff.

Since the decision of the motion to dismiss the complaint herein

was rendered, the issues have been tried and submitted for final determination; the questions involved in the earlier motion have been reargued and have been again examined; the former decision, founded upon the pleading, has been fortified by the proof; there remains, therefore, only to inquire whether the interest of the plaintiff's intestate, Charles A. Bruff, was measured by one-half of the amount on deposit with the defendant to the credit of his wife, or whether he was entitled to the entire amount, and the answer to this inquiry depends upon the nature of the interest of the beneficiaries in the trust created in their behalf; if it were a joint interest, the plaintiff's intestate was entitled to all of the accumulated income from the trust; if it were not a joint interest, he was entitled at most, to but one-half of it.

Under the trust agreement, Mr. and Mrs. Bruff, in my opinion, were joint owners of the income from the securities described in it; the same rule of interpretation applies to instruments relating to personal property as to those relating to real property (*Matter of Kimberly*, 150 N. Y. 90); the statute which reverses the common-law rule and requires the relationship of joint ownership to be affirmatively shown, does not require that the words " joint ownership " or " joint tenancy " be used if, in other equivalent phrase, the intent to create such a relationship, which is a paramount rule of construction, is clearly disclosed.  (*Coster* v. *Lorillard*, 14 Wend. 265, 336, 337, 342; *Purdy* v. *Hayt*, 92 N. Y. 446; *Overheiser* v. *Lackey*, 207 id. 229; *Matter of Ward*, 124 Misc. 292.)

This intent is evidenced in the declaration of the purposes of the trust " to provide an income for the support and maintenance of her friends, Charles A. Bruff and Ardelia Bruff, his wife, during their lives  *  *  *," and in the duty imposed upon the trustee " to use and expend the net income of said bonds  *  *  *  for the support and maintenance of said Charles A. Bruff and Ardelia Bruff during their joint lives," and after the death of either, to use said income " for the support and maintenance of the survivor of them during the life of each such survivor; " during the lifetime of Mrs. Bruff, the trustee had no discretion in the manner in which the income should be used; it was to be paid to her (*Ireland* v. *Ireland*, 84 N. Y. 321; *Oberndorf* v. *Farmers' Loan & Trust Co.*, 148 App. Div. 227; mod., 208 N. Y. 367), but in case the husband and wife should cease to live together, then the entire net income should be divided and paid over to them in equal parts or, in the discretion of the trustee, expended for their benefit; the interest of the two beneficiaries was equal, that is, to be equally enjoyed while they lived together; certainly equal if they should live separately and equal in respect to survivorship; there was identity

in interest and enjoyment; the only discrimination made between them was in the payment of the entire income to the wife while the marital relationship was maintained; the provision for a separate interest in the event of their living separate, points to a joint interest while they were living together; it will not be understood that equality of interest means that either was entitled to any definite proportion of the total benefits of the income while living together; it was an integral fund of which the household as a unit was to be benefited (*Ireland* v. *Ireland,* 84 N. Y. 321); nor was the jointure severed in the manner provided in the instrument, or by either beneficiary disposing of the benefit conferred by it. (*Matter of McKelway,* 221 N. Y. 15.)

Another consideration from which the intent of Mrs. Willis to effect a joint ownership may be confidently inferred, is the means provided in the agreement by which the income from the trust should be equally divided; it was left to either of the beneficiaries to achieve such a result by refusing to live with the other; Mrs. Bruff could not pursue that course except to her pecuniary disadvantage, provided the contract should be construed to give her title to the entire income while living with her husband; Mr. Bruff, however, could do so to his advantage if, by a like interpretation of the agreement, he was otherwise excluded from sharing in its benefits; he might too, in order to claim an expenditure of the trust moneys in his behalf, remain idle and unproductive until the necessities of himself and wife would require the application of the moneys for their relief; the resort to either discreditable alternative was surely not the means by which Mrs. Willis expected him to share her bounty; she placed no premium upon either the disruption of the household or a life of idleness and unthrift; the agreement supplied no urge to him to either course of conduct and he was to be no less benefited by living with his wife and continuing his earnings than if he had done neither or both (*Holden* v. *Strong,* 116 N. Y. 471; *Rezzemini* v. *Brooks,* 236 id. 184); the defendant introduced two wills of Mrs. Willis and codicils thereto, and some oral testimony was given in support of the claim that the trust agreement did not correctly express what was intended; by a will executed May 24, 1900, Mrs. Willis bequeathed $5,000 to Adelia Bruff " wife of my friend Charles A. Bruff," the said sum to be divided between the next of kin of the legatee if she should die before the testator; by a codicil to that will executed August 30, 1904, the legacy in case of Ardelia's death, was directed to be paid to Charles A. Bruff; by a later will dated August 8, 1907, the sum of $15,000 was bequeathed to her executors in trust to pay the income therefrom in quarterly installments to Ardelia Bruff during

life and, after her death, to pay the same to Charles A. Bruff during his life; this provision was revoked by a codicil bearing even date with the trust agreement, January 20, 1910; it is the defendant's contention that the trust agreement was intended to make the provision of the will presently operative for the benefit of Mr. and Mrs. Bruff instead of being deferred until the testator's death and that the agreement does not accurately reflect that intent, in that, it is by its terms, more favorable to Mr. Bruff than the testamentary provision and increasingly so if, by interpretation, it shall be held to have given him a joint interest in the income; it will be observed that the legacy to Mrs. Bruff in the first mentioned will was modified by codicil favorably to Mr. Bruff and it is not, therefore, unlikely that Mrs. Willis may have desired to have changed her second will to his better advantage; the suggestion is that the scrivener of the agreement did not follow instructions; the instrument, however, was prepared by able counsel, its contents were known to Mrs. Willis' business adviser who conveyed her message to the counsel, and she executed it presumably with full knowledge of what it contained; the codicil to her will, executed concurrently with the agreement, in addition to revoking the trust, also devised a piece of real estate to her lay adviser; it is a necessary assumption that Mrs. Willis executed the agreement and the codicil accomplishing its double design, with an equal appreciation of their respective contents; it has transpired too, that Mr. and Mrs. Bruff were not in immediate need of the income from the trust securities, for none of it was used and to whatever extent she acted under the impression of their necessity, she was misinformed; nor is it likely that she took an unnecessary precaution, in directing the manner of payment, to place the fund beyond the reach of Mr. Bruff's creditors; their chance of getting any part of his share was too remote to supply a practical reason for denying him an equal share with his wife, both because of the inadequacy of the fund to provide him a comfortable support and the meager proportion they could reach in any event (*Wetmore* v. *Wetmore*, 149 N. Y. 520; *Matter of Ungrich*, 201 id. 415); the ownership of the fund from its inception being in the two beneficiaries jointly, the character of such ownership was not changed by the circumstance that Mrs. Bruff deposited it to her individual credit.    (*Matter of Klenck*, 165 App. Div. 917; affd., 214 N. Y. 715.)

It is also urged by the defendant that the participation by Mr. Bruff in the proceedings in Surrogate's Court, in connection with the probate of his wife's will and final judicial settlement of the executor's account in which the fund here in dispute was deemed a part of his wife's estate and his receipt of the income from said

fund under the terms of her will, operated as an estoppel against Mr. Bruff's making a variant claim and that the plaintiffs are in no better situation.

It is true that Mr. Bruff knew the terms of the agreement and that the source of the moneys deposited in the trust company in his wife's name was the income from said trust, but he is not to be charged with knowledge of the legal effect of the instrument nor the rights that it secured to him; he had no legal adviser and apparently followed the suggestion that his only claim under the agreement was to the current income with no right to share in the accumulated fund; the Monroe county surrogate, in his decision opening the decree of the final judicial settlement of the executor of Adelia Bruff, in order that the true ownership of the fund might be determined, held that "Mr. Bruff was not estopped by his acquiescence in the conduct of the trust company in treating this money as part of the individual estate of Ardelia Bruff because of the failure of the trust company to discharge its legal duty toward him in giving him advice that the property belonged to his wife;" in this, I concur; there was no ratification upon the part of Mr. Bruff of the acts of the trustee. (*Adair* v. *Brimmer*, 74 N. Y. 539; *King* v. *Mackellar*, 109 id. 215; *Matter of Long Island Loan & Trust Co.*, 92 App. Div. 1; affd., 179 N. Y. 520; *Kissam* v. *Squires*, 102 App. Div. 536; *Matter of MacNeil*, 165 id. 842.) *Rothschild* v. *Title Guarantee & Trust Co.* (204 N. Y. 458) is not hostile to this conclusion. Mr. Bruff gained no advantage from his failure to assert the rights unknown to him nor has anyone been prejudiced by such failure.

I conclude, therefore, that the agreement, as above interpreted, conforms to the intent of the creator of the trust, that Mr. Bruff did not ratify or acquiesce in a different interpretation, and that the action is maintainable against the defendant in its individual capacity. It follows that the plaintiff is entitled to judgment for the relief demanded in the complaint, with costs.